**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jose Arajo,[1]

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-03279-JAD-BNW

**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**

[ECF No. 14]

Petitioner Jose Arajo is an El Salvadoran citizen who entered the United States about two decades ago and has since moved to Las Vegas, married an American citizen, and started a family. In August 2026, Immigration and Customs Enforcement (ICE) agents arrested him under a Form I-205 warrant based on a 2006 removal order, and he has been detained at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. Arajo seeks a writ of habeas corpus, alleging that his arrest was unlawful and his detention violates due process because the government has not followed necessary procedures to reinstate his removal order and the signature on his I-205 warrant is invalid. Because the government does not dispute Arajo's argument that his arrest warrant was invalid, it has tacitly consented to relief on this ground. So I grant the petition and order the respondents to release Arajo from custody.

[1] The petitioner's name is listed as Jose Arajo in the case caption and in the government brief, but his counsel-amended petition states that his name is Carlos Mendez Cueva. I use Jose Arajo here to minimize confusion because that is the name on his I-213 and other immigration documents.

## Discussion

### A. This court has jurisdiction over Arajo's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[2] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[3]

### B. The government does not contest that Arajo's warrant was signed by someone who lacked the authority under the applicable INA regulations.

Arajo contends that his arrest warrant was invalid because the signature on his I-205 is invalid.[4] He explains that the signature on his I-205 is purportedly that of Las Vegas ICE Field Director Jason Knight, but that it in fact matches the signature on his I-213, which was signed by Examining Officer "Denice, G."[5] The lack of a valid signature, he argues, renders his detention unlawful from the outset.[6]

In its response, the government argues that Arajo is mandatorily detained under 1231(a)(5) because he is subject to reinstatement of a prior final order of removal.[7] The

[2] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[3] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[4] ECF No. 14 at 5.

[5] *Id.*

[6] *Id.* at 10.

[7] ECF No. 15 at 1.

government does not address or dispute Arajo's assertions that his warrant was invalid or defend ICE's actions, tacitly consenting to relief on this ground.[8]

**C. Because Arajo's arrest was void *ab initio*, I order his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[9] District courts across the country have found that when an ICE arrest was unlawful, the proper remedy is release.[10] Because the government effectively concedes that Arajo was arrested under the authority of an invalid warrant, his arrest is unlawful and void *ab initio*. So I find that the appropriate remedy is his immediate release from custody.

**Conclusion**

IT IS THEREFORE ORDERED that Jose Arajo's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 14] is GRANTED. Petitioner Jose Arajo must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Arajo's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Arajo's release at least 24 hours before the release is set to occur, and

(2) within five days of this order, notice that Arajo's release was effectuated.

---

[8] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2010) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[9] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[10] *See e.g. Diiwaje v. Bondi*, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026); *Gumaneh v. Hernandez*, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026); *De La Rosa Izaguirre v. Blanche*, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026).

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 24, 2026